*Judge Richard A Jones*

United States District Court
Western District of Washington

| | |
|---|---|
| **Mainz Brady Group, Inc.,** <br> *Plaintiff*, <br> *v.* <br> **Shane Shown,** <br> *Defendant.* | No. 2:17-cv-00670 RAJ <br><br> **Defendant's REPLY to Plaintiff's Opposition to Motion to Dismiss** <br><br> Noted for consideration on: <br> *August 4, 2017* <br> Request for Oral Argument |

## Introduction

Defendant Shane Shown moved to dismiss MBG's claims, because the plaintiff's complaint was replete with "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," which the court is not obligated to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint failed to meet the pleading standards of FRCP 8(a) because crucial elements were not facially plausible.

The standards of pleading as enunciated in *Twombly* and *Iqbal* "[do] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 667. The plaintiff argues it is not required "to prove every element of its case in its initial pleading," Dkt. 18

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

1

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

at 10, but it is required to *allege* each of those elements with enough factual content to "raise a right to relief above the speculative level." *Twombly*, 556 U.S. at 555.

The plaintiff suggests in response that Mr. Shown has confused the word *plausibility* with the word *probability*. In fact, it is MBG that seems baffled by the applicable test, attempting to blur the *plausible* with the merely *possible*. *See Iqbal*, 556 U.S. at 697.

In this case, the plaintiff's complaint is fatally deficient because it relies upon legal conclusions couched as factual allegations. *See id.* at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. The plaintiff has come to this lawsuit armed with nothing more than conclusions.

## Plaintiff's claims are not well-pleaded.

**1. The existence of a trade secret is a legal conclusion.**

A trade secret is information that 1) derives independent economic value from its secrecy, and 2) is subject to efforts to maintain its secrecy. The plaintiff claimed Mr. Shown misappropriated its trade secrets. Complaint, Dkt. 1, ¶4.2. This is a legal conclusion, and the court should not presume its truth. The court could conclude that this legal conclusion is facially plausible only if the plaintiff adequately pleaded the elements of a trade secret.

The plaintiff did claim that the subjects of the misappropriation were "confidential and proprietary MBG business forms and email templates." Dkt. 1, ¶3.11, 3.12, 3.15. But the plaintiff does not make any claims that

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

2

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

this information that possessed independent economic value, or that it derived value from not being widely known. This is a failure of the complaint. The plaintiff did not append the purportedly purloined proprietary information to its pleading. It now relies on this vagueness as a virtue. The court would need to go outside the complaint (which it may not do) in order to infer that those "forms and business templates," possessed independent economic value.[1]

Furthermore, the plaintiff did not claim it made *any* efforts to main the secrecy of the information.[2] A trade secret requires the holder of the secret to make efforts that are reasonable under the circumstances to maintain its secrecy. Whether an effort is reasonable is a question of fact. Here, the plaintiff fails to make a plausible inference that this element is met. Therefore, the existence of a trade secret remains an unsupported legal conclusion.

## 2. Shown never allegedly took MBG's trade secrets.

The complaint describes the information at issue as "confidential and proprietary MBG business forms and email templates." Tellingly, it does not

---

[1] The plaintiff now erroneously contends that the pleading standard requires mere possibility and not facial plausibility," citing defendant's motion "it is surely *possible*..." to support its brand-new allegation that Mr. Shown took something valuable. Dkt. 18 at 7, quoting Dkt. 12 at 11. independent value the defendant's believes the standard

[2] Plaintiff protests that the *adequacy* of efforts to maintain the secrecy of its information should be a jury question. *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F.Supp.3d 1184 (W.D. Wash. 2015). Defendant does not question whether plaintiff took *adequate* measures or employed *efforts reasonable under the circumstances*. The complaint is faulty because the plaintiff does not claim it took *any* measures to ensure the secrecy of the information.

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)                 3
No. 2-17-CV-00670 RAJ

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

claim that this information is actually a trade secret. Furthermore, MBG does not claim that Mr. Shown actually even had access to trade secrets. The employment agreement he signed stated, in relevant part:

> Employee further acknowledges, understands and agrees that all trade secrets, procedures expertise, records, client lists, techniques, internal operating forms and other information obtained or developed by MBG in the course of its business operations are confidential and shall remain the exclusive property of MBG. Dkt 1, ¶3.8.[3]

MBG's complaint alleged that Mr. Shown had access to many of these, as well as some others, *but not* trade secrets. *Id.* ¶3.6.[4]

Furthermore, despite alleging Mr. Shown had access to all this confidential and proprietary information, MBG does not allege that Mr. Shown took *anything else*. On the face of the complaint, it is implausible to infer that he misappropriated anything other than "forms and email templates." MBG's claim identifies no trade secrets.

The plaintiff has made an allegation that Mr. Shown misappropriated trade secrets, but beyond this legal conclusion, the plaintiff has failed to make a plausible claim that he did so. This claim should be dismissed.

---

[3] By treating these as separate categories of information, the plaintiff acknowledges that they are not automatically co-extensive. While the complaint need not include "detailed" allegations, the plaintiff here has not pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. at 663.

[4] The plaintiff's response in fact relies upon a misstatement in the defendant's motion, quoting "email templates and business forms that MBG considered trade secrets." Dkt 18, at 7, quoting Dkt 12 at 8. The defendant was wrong to include this sentence in its original motion, as MBG never claimed that it considered those templates and forms to be trade secrets.

Since this sentence comes from outside the complaint, however, plaintiff should not rely on it to support the idea that it adequately alleged trade secret misappropriation.

Motion to Dismiss—Reply  
Fed. R. Civ. P. 12(b)(1), 12(b)(6)  
No. 2-17-CV-00670 RAJ  

4  

Prince Legal  
600 First Ave, Ste LL20, Seattle, WA 98104  
dan@princelegal.co | 503.930.9085 (m)

### 3. Claims that are not factually independent from the trade secret claim are preempted.

There are no indications in the plaintiff's complaint that it could prove its tortious interference claim, or its breach of contract claim, or obtain the remedies of unjust enrichment or an injunction, *without relying on the same facts* that support its trade secret claim. *See T-Mobile*, 115 F.Supp.3d at 1200. The plaintiff relies on footnote 6 in *T-Mobile* to dissuade the court from finding that the tortious interference claim depended on the WUTSA claim. Dkt 18 at 10. This footnote discusses an inapposite detail that was only hypothetically considered by the court—as noted in the defendant's motion, Dkt. 12 at 14—and that is not factually analogous. This reliance is misplaced.

The plaintiff does not engage with the other case cited, *Int'l Paper Co. v. Stuit,* Case no. C11-2139JLR, Dkt. #28 at *12 (W.D. Wash. May 21, 2012), which *does* directly address this question. If the WUTSA claim is well-pleaded, the tortious interference claim based on the same alleged misappropriation would be preempted. Plaintiff incorrectly states that a court should not consider preemption "until discovery unfolds." Dkt. 18 at 10. As the *Stuit* court noted, this timing is not only proper; it is preferred because "the court need not wait to determine if the allegedly misappropriated confidential information…constitutes a 'trade secret.'" *Id* at *15 (citation omitted).

Here, the plaintiff's other claims depend on the exact same nexus of

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

5

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

fact, namely, Mr. Shown's alleged misappropriation of MBG's "confidential and proprietary information." Dkt. 1, ¶¶ 4.3, 6.4, 10.3. Washington's test requires "factual independence."

The plaintiff acknowledges (in the alternative) that these claims are pleaded as alternatives.

### 4. Plaintiff fails to state a claim for tortious interference.

The plaintiff wants the court to take its word for it that the allegations provide "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of tortious interference." Dkt. 18 at 10, quoting *Twombly*. Not so. The plaintiff has yet to provide a plausible claim for relief, because it has failed to plead all the elements.

> The tort of interference with a business expectancy requires (1) existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy by the alleged interfering party; (3) intentional interference inducing or causing breach or termination of the relationship or expectancy; and (4) resultant damage.
> *Sea-Pac Co. v. United Food Workers*, 103 Wn.2d 800 (1985.

The plaintiff's pleading, even if true, fails to allege that any of its "valid contractual relationships and/or business expectancies with its customers, clients, and prospective customers and clients" Dkt. 1, ¶6.2, were actually breached or terminated. Even if discovery found evidence of Mr. Shown attempting to interfere, even if discovery proved his improper purpose, MBG has not pointed to any expectancy that it lost or contract that has been terminated.

Furthermore, MBG's true purpose in filing this suit—the suppression of legitimate competition—is evident in the phrasing of this particular claim.

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

6

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

It claims it has contracts and expectancies with *prospective* clients and customers. How does a business have an expectancy with a *prospective* client? It is *possible*, perhaps, but not *plausible*, because "prospective" means "not yet a client."

Finally, an injunction that would prevent Mr. Shown from attempting to lure MBG's current or prospective clients would have to fail as a matter of law, because Shown's contract contains no noncompetition provision. (Under California law, such a provision would be unenforceable.) Even if true, attempting to lure a former employer's customers is not evidence in California of an improper purpose. MBG wants to throw open the doors of discovery. But allowing plaintiff to conduct discovery would *not* reveal the existence of *plaintiff's* contractual relationships that were terminated between Mr. Shown's last day and the date this lawsuit was filed. The failure to plead that this occurred means that the plaintiff cannot plausibly prove that Mr. Shown actually meddled between MBG and any third party. Even assuming all the plaintiff's allegations as true, its damages do not rise above a speculative level.

### 5.   The gravamen of plaintiff's CPA claim is fraud, and fails to meet the higher standard.

Again, the plaintiff resorts to legal conclusions. It merely states that its claim is "not grounded in fraud" Dkt 18 at 11, without arguing why this conclusion must be true. If the claim is based on a misrepresentation that is a non-fraudlent one, where, precisely is the harm, and how is the plaintiff

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

7

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

entitled to any relief?

Shown does not "suggest that the Complaint must explain how many people saw the misrepresentation and were affected." Dkt. 18 n.6. The *statute* requires that a CPA plaintiff must plead that the CPA violator must either be engaged in a consumer transaction with the plaintiff or pose a threat of public injury. The leading case, *Hangman Ridge*, states that a deceptive act—the first element of this claim—must be capable of deceiving a substantial portion of the public. 105 Wn2d 778, 785 (1986). MBG fails to make this showing. MBG does not necessarily need to say *how many*, but failing to say that the number (however many it was) is *substantial* means the claim has failed to plead one of its elements.[5]

The plaintiff may have *pleaded* a public interest legal conclusion, but it has not adequately *shown that it is entitled to relief*. FRCP 8(a)(2). *See also Iqbal* at 679.

## 6. The CPA claim is *only* based on the alleged social media misrepresentation.

The plaintiff has effectively conceded that the misappropriation of trade secrets is not an unfair trade practice, and to the extent that this CPA claim invokes alleged misappropriation, it is preempted by WUTSA.

## 7. Sanctions are warranted.

---

[5] The complaint fails the plausibility test even without being factually debunked. But perhaps the plaintiff didn't include this detail in its complaint because Mr. Shown had approximately 66 followers on Twitter, which is generally regarded as an insubstantial amount. It's true that one would have to go outside the complaint to see that the plaintiff's claim is patently meritless, but this claim displays almost sanctionable frivolity.

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

8

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

Shown did not, in fact, misrepresent his employment on LinkedIn. Plaintiff's counsel knew or should have known this before filing the complaint. Shown did not, in fact, misrepresent his employment on Twitter. Any diligent investigation would have turned up these facts. The complaint fails to provide the details necessary to establish bare plausibility because the evidence of any wrongdoing is so scant. MBG opposes this motion largely by suggesting that Mr. Shown's motion relies on matters outside the complaint. This is disingenuous: the defendant points to *failures* of the complaint *because there's not much in the complaint*. Vagueness is not a virtue.

## Conclusion

The complaint contains little more than threadbare recitations of the elements. For the foregoing reasons, Mr. Shown's motion should be granted, and the case should be dismissed.

⁂

Respectfully submitted,

4 August 2017

**Prince Legal**

_____

Daniel R. Prince, WSBA #48709
600 First Avenue, Suite LL20
Seattle, WA 98104
dan@princelegal.co | 503.930.9085

*Attorney for Defendant*

⁂

Motion to Dismiss—Reply
Fed. R. Civ. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

9

Prince Legal
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **Motion to Dismiss** using the CM/ECF system, which will send notice of the filing to:

- Karin D. Jones, WSBA # 42406, karin.jones@stoel.com
- Todd A. Hanchett, WSBA # 33999, todd.hanchett@stoel.com

4 August 2017                           **Prince Legal**

_____
Daniel R. Prince, WSBA #48709

⁕⁕

MOTION TO DISMISS—REPLY
FED. R. CIV. P. 12(b)(1), 12(b)(6)
No. 2-17-CV-00670 RAJ

10

PRINCE LEGAL
600 First Ave, Ste LL20, Seattle, WA 98104
dan@princelegal.co | 503.930.9085 (m)